FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2023 MAY -3 AM 9:43

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | 8:22CR159 |
| HARLEY JONES-DAVIS, | PLEA AGREEMENT |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Steven A. Russell, United States Attorney and Lesley A. Woods, Assistant United States Attorney, and defendant, Harley Jones-Davis, and Jim McGough, counsel for defendant, as follows:

## I
## THE PLEA

A. CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count II of the Superseding Indictment. Count II charges a violation of Title 18, United States Code, Section 922(j), possession of stolen firearms.

B. In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1. The United States will move to dismiss any remaining counts at the time of sentencing and dismiss the original Indictment.

2. The United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for firearms crimes as disclosed by the discovery material delivered to the defendant's attorney as of the date this agreement is signed by all parties, other than as set forth in paragraph A, above. This agreement not to prosecute the defendant for specific crimes does not prevent any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

## II
## NATURE OF THE OFFENSE

1

A.  ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. On or about June 30, 2022 to on or about July 8, 2022, the defendant knowingly possessed the firearms described in Count II of the Superseding Indictment;
2. The firearms were stolen;
3. The firearms had been shipped and transported across a state line before they were stolen; and
4. The defendant had reasonable cause to believe that the firearms were stolen.

B.  ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. On Thursday, June 30, 2022, at approximately 5:41 am., Omaha police officers responded to an intrusion alarm at Frontier Justice, a federally licensed firearms dealer located in Omaha, Nebraska in the District of Nebraska. Officers located a broken window on the east side of the business. It was determined that the business was burglarized, and items were missing. Frontier Justice is a federal licensed firearms store. A video of the burglary was recovered from the store management.

2. The video surveillance revealed that at 5:33 am on June 30, 2022, suspects shined flashlights into the business on the east side shortly before they broke a window on the same side of the business. Five suspects entered the business through the broken window. One suspect wore a blue hoodie, black mask, black pants, white gloves, and held a golf club iron. A second suspect, wearing a gray hoodie, black pants, multicolored shoes, white gloves, black mask and carrying a bag, jumped the display counter and proceed to steal firearms that were hanging on the wall. A third suspect, wearing a black hoodie, black hat, mask, blue jeans, brown cowboy boots, and white

2

gloves was handed a long gun over the counter. The suspect in the black hoodie eventually used the butt of that long gun to break two glass cases containing handguns. Multiple suspects then proceeded to pack up firearms from the glass cases. The video showed that all suspects fled back out the window that they entered.

3. The lead detective on scene observed a "stinger" whip rod lying on the floor just inside the broken window, which is believed to have been used by the suspects to break the window.

4. Investigators obtained videos of the exterior of the business, and they observed that a specific white pickup truck appeared multiple times on the footage during the timeframe of the incident and appeared to be circling the area. This vehicle was later identified as a stolen truck. The owner of the truck had a set of golf clubs in the truck (Mizuno brand clubs) and a pair of cowboy boots that matched the cowboy boots one suspect wore during the burglary. The vehicle was stolen shortly prior to the burglary of the firearms dealer. Video of the theft of the vehicle was also available, and that video showed suspects in the same clothing as the suspects from the gun burglary stealing the truck. The suspects arrived at the scene of the stolen vehicle in a stolen black Kia. Later in the investigation, a phone was recovered from the stolen Kia. The phone number traced back to the defendant. Investigators obtained a search warrant for that phone.

5. Following the gun store burglary, a CI working with ATF was able to purchase several of the stolen weapons back from the co-defendant in this case, who resided with the defendant at the time of the burglary and the illegal gun transactions. The gun purchases led to a search of the shared residence. A stolen firearm was also recovered during the search of the residence. Someone ~~through~~ THREW that gun out of a bathroom window of the

3

house during the search. That Glock handgun was also stolen during the burglary of Frontier Justice.

6. During the search of the residence for further items related to the Burglary of Frontier Justice, a gray backpack believed to have been the one observed in the surveillance footage was recovered from a basement bedroom of Harley JONES-DAVIS. A pair of brown-toed Ariat cowboy boots that resembled boots worn by one of the suspects were located in the same bedroom, along with a full set of Mizuno golf clubs that the original owner of the white Nissan truck recognized as his own clubs.

7. After investigators obtained a search warrant for the cell phone recovered from the ~~stolen Kia~~ DEFENDANT'S RESIDENCE with a number that traced back to the defendant, they found multiple items on the phone that connected to the gun store burglary. The defendant had screenshots of a Google search for Frontier Justice, 2828 S 82nd Avenue, Omaha, Nebraska with a capture time of 7:28:35 pm on 6/29/2022. A photo of the aerial view around Frontier Justice, was also located on the phone with a capture time of 9:07:20 pm on 6/29/2022 (approximately 8 hours prior to the Burglary). A photo of a map showing Police Stations in proximity was also located on the phone with a capture time of 9:08:34 pm on 6/29/2022. Additional screenshots of Google searches for "Good Guys Gun and Pawn" "Omaha Firearms", "Red Flag Armory", and "Athena Arms" were also located. A text / chat conversation was located on the phone on 6/29/2022 at 9:09:07 pm (approximately 8 hours prior to the Burglary) the chat read "The red pin on the map is the frontier gun shop". On 6/29/2022 at 9:12:04 pm it read "Study the pics of the gun shop I sent grin" "Bro" "Make a plan study it". At 9:29:34 pm in the same chat it read "Bro nigga they posted one of the kias". A screenshot from a neighborhood post listing the black Kia

4

SUV that was used to steal the Nissan Titan used in the burglary to Frontier Justice was located on the phone with a capture time of 9:29:16pm on 6/29/2022. At 4:30:53 am on 6-30-2022 in the same chat it read "The Titans ok", believed to be referring to the Nissan Titan truck that was used in the Burglary. On 7-1-2020 a 1:35:35 pm the chat had a link to the local news story of the burglary. The chat then read "Bro nigga they caught y'all on camera" "They got the ATF involved bro". A photo of an individual believed to be the defendant on top of the stolen Nissan Titan truck used in the Burglary pointing what appears to be a handgun with a laser sight was located with a capture time of 4:48:00 on 6/29/2022. A photo of five handguns matching those that were taken in the Burglary, with a brown boot in the photo that is believed to be the boots located in the defendant's bedroom was located on the phone with a capture time of 6:22:40 am on 6/30/2022 (approximately 40 minutes after the Burglary occurred). A photo of two handguns and a long gun with suppressor (confirmed to be an unregistered silencer), again matching guns taken in the Burglary was located on the phone with a capture time of 1:21:18 pm on 6/30/2022. Multiple photos of the defendant handling the stolen firearms were also located on the phone. Photos of narcotics and the defendant using narcotics were also observed on the phone.

### III
### PENALTIES

A. COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:
    1. A maximum ten (10) years in prison;
    2. A maximum $250,000 fine;
    3. A mandatory special assessment of $100 per count; and

4. A term of supervised release of not more than three (3) years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

5. Possible ineligibility for certain Federal benefits.

## IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V
## SENTENCING ISSUES

A. SENTENCING AGREEMENTS.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a sentence not to exceed 85 months. This negotiated agreement resolves all issues related to the case and is the appropriate disposition.

B. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

## VI
## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and

including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

  (a) As provided in Section I above, (if this is a conditional guilty plea); and

  (b) A claim of ineffective assistance of counsel.

  (c) A right to file a motion under Section 3582(c)(1)(A);

    1. the general right to file a compassionate release motion;

    2. the right to file a second or successive such motion; or

    3. the right to appeal the denial of a compassionate release.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

  (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

  (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs the agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## IX
## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X
## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
STEVEN A. RUSSELL
United States Attorney

5/3/23
Date

LESLEY A. WOODS
ASSISTANT U.S. ATTORNEY

4/4/23
Date

HARLEY JONES-DAVIS
DEFENDANT

4/4/23
Date

JIM MCGOUGH
COUNSEL FOR DEFENDANT